UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL JONES, III,<br><br>              Plaintiff,<br><br>     v.<br><br>DEPARTMENT OF CORRECTIONS<br>AND REHABILITATION, et al.,<br><br>              Defendants. | No.  2:25-cv-3157 CSK P<br><br>ORDER |

**I. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

## II.  SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III.  PLAINTIFF'S COMPLAINT**

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR"), the California Correctional Health Care Services and the Medical Board of California. (ECF No. 1 at 2.)  Plaintiff's complaint contains three claims for relief.

In claim one, plaintiff claims violation of the Fourth Amendment right to privacy, the Fourteenth Amendment Due Process Clause and the California Information Practices Act.  (Id. at 3.)  Plaintiff claims that in January 2022, Health Care employees lost a laptop computer containing plaintiff's personal information.  (Id.)  Plaintiff claims that he excluded himself from a class action lawsuit regarding this data breach so that plaintiff could pursue his own claims regarding this incident "including negligence on my personal information."  (Id.)  Plaintiff alleges that as a result of this data breach, plaintiff's personal information has been compromised.  (Id.)  Plaintiff alleges that he is a victim of IRS fraud and other fraud issues based on the alleged data breach.  (Id.)  Plaintiff also claims that his credit score has been damaged.  (Id.)

In claim two, plaintiff claims violation of his Eighth Amendment right to personal safety and medical services, the Fourteenth Amendment Due Process Clause, the Fourth Amendment right to privacy and the California Confidentiality of Medical Information Act ("CMIA").  (Id. at 4.)  These claims appear based on the same facts alleged in support of claim one.  (Id.)  Plaintiff also alleges that he was the victim of identity theft as a result of the alleged data breach.  (Id.)

In claim three, plaintiff alleges violation of the Fourth Amendment right to privacy and the Fifth Amendment Takings Clause.  (Id. at 5.)  These claims appear based on the same facts alleged in support of claim one.  (Id.)

As relief, plaintiff seeks money damages.  (Id. at 6.)

## IV. DISCUSSION

For the following reasons, plaintiff's federal and state law claims against defendants CDCR, California Correctional Health Care Services and the Medical Board of California are barred by the Eleventh Amendment. The Eleventh Amendment bars any suit against a state or state agency absent a valid waiver or abrogation of its sovereign immunity. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 10 (1890). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999). A suit against CDCR is barred by the Eleventh Amendment. See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). Defendants California Correctional Health Care Services and Medical Board of California are state agencies, and thus, are immune from suit. See Diaz v. CDCR, 2017 WL 1079947, at *2 (E.D. Cal. Mar. 21, 2017) (claims against California Correctional Health Care Services barred by the Eleventh Amendment); Rhee v. Medical Board of California, 2019 WL 4025002, at *1 (E.D. Cal. Aug. 27, 2019) (claims against Medical Board of California barred by Eleventh Amendment). Plaintiff's state law claims against defendants are also barred by Eleventh Amendment immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to state law claims brought in federal court); Ashker v. Cal. Dep't. of Corrections, 112 F.3d 392, 394 (9th Cir. 1997) (noting suit against CDCR arising under state law would be barred by the Eleventh Amendment).

Plaintiff's complaint is dismissed because all claims raised against the named defendants are barred by the Eleventh Amendment.

## V. LEAVE TO AMEND

If plaintiff files an amended complaint, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an

4

'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 10, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Jone3157.14/2

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL JONES, III,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No.  2:25-cv-3157 CSK P<br><br><br><br>NOTICE OF AMENDMENT |

  Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐ Amended Complaint

  (Check this box if submitting an Amended Complaint)

DATED:

             _____
             Plaintiff