UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL JONES, III,<br>Plaintiff,<br>v.<br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | No. 2:25-cv-3157 CSK P<br><br><u>ORDER</u> |

Plaintiff is a former state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On November 10, 2025, this Court dismissed plaintiff's complaint with leave to amend because all claims raised against the named defendants were barred by the Eleventh Amendment. (ECF No. 7.) Pending before the Court is plaintiff's amended complaint. (ECF No. 11.) For the reasons discussed below, plaintiff is granted the option to proceed with his potentially colorable claim raised in claim one against defendant Matolon alleging violation of plaintiff's right to privacy based on disclosure of plaintiff's medical records, or plaintiff may elect to file a second amended complaint.

**I. SCREENING STANDARDS**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. DISCUSSION

The only named defendant in the amended complaint is Dr. Matolon. (ECF No. 11 at 2.)

The amended complaint contains nine legal claims against defendant Matolon based on the same factual allegations. Plaintiff alleges that a data breach was discovered in January 2022 involving a laptop computer that contained personal information regarding plaintiff. (Id. at 3.) Plaintiff alleges that the laptop was stolen out of a car, apparently belonging to defendant Matolon. (Id. at 4.) According to a Health Care Services Institutional Level Response to plaintiff's grievance attached to the amended complaint, the alleged breach involved "health information or personally identifiable information." (Id. at 19.) Plaintiff alleges that a class action lawsuit was filed regarding the alleged breach but that plaintiff excluded himself from the class action.[1] (Id. at 3.) Plaintiff alleges that his personal information has been compromised as a result of the alleged breach. (Id.) Plaintiff alleges that he is the victim of I.R.S. fraud and other fraud issues as a result of the alleged breach. (Id.)

**A. Claim One**

In claim one, plaintiff alleges violation of the Fourth Amendment right to privacy, the Fourteenth Amendment and the California Information Practices Act. (Id. at 3.) Plaintiff's allegations that his medical records were disclosed as a result of a data breach caused by defendant Matolon states a potentially colorable claim for violation of the right to privacy under the Fourth or Fourteenth Amendments. See Johnson v. California Correctional Healthcare Services, et al., No. 2:25-cv-3050 CSK P (E.D. Cal.) (ECF No. 11 at 7). Plaintiff also appears to claim that the alleged breach involved disclosure of other personal information. However, plaintiff does not identify the other personal information allegedly disclosed. This Court cannot determine whether plaintiff states a potentially colorable claim for violation of the right to privacy based on disclosure of other personal information without knowing the type of personal information allegedly disclosed. Accordingly, this claim is dismissed.

Turning to plaintiff's claim alleging violation of the California Information Practices Act, to state a state law claim, plaintiff must demonstrate compliance with the California Government Claims Act. Cal. Gov't Code §§ 810, et seq. The Government Claims Act requires that a tort

[1] Plaintiff appears to refer to Thomas v. Cal. Dep't of Corr. & Rehab., No. 34-2022-00328693-CU-PO-GDS (Sacramento Co., Cal.).

claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (2011). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act must be pled in the complaint. See id. at 1237, 1240; see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. See Shirk v. Vista Unified School Dist., 42 Cal. 4th 201, 209 (2007), as modified (Oct. 10, 2007). Such requirements also apply to state law claims included in a federal action under § 1983. See Volis v. Housing Auth. of the City of L.A. Emps., 670 F. App'x 543, 544 (9th Cir. 2016).

Plaintiff fails to plead compliance with the Government Claims Act as to his claim brought pursuant to the California Information Practices Act. Accordingly, this claim is dismissed. If plaintiff files a second amended complaint raising this claim, plaintiff must present facts demonstrating compliance with the Government Claims Act.

**B. Claim Two**

In claim two, plaintiff alleges violation of the Eighth Amendment, the Fourteenth Amendment, the Fourth Amendment right to privacy, and the California Confidentiality of Medical Information Act. (ECF No. 11 at 4.) The Fourth and Fourteenth Amendment claims raised in claim two appear duplicative of the Fourth and Fourteenth Amendment claims raised in claim one. Accordingly, these claims are dismissed as duplicative. If plaintiff files a second amended complaint raising these claims, plaintiff shall address how these claims differ from the Fourth and Fourteenth Amendment claims raised in claim one.

In claim two, plaintiff claims that the disclosure of his private information violated his Eighth Amendment right to adequate medical care. (Id. at 4.) "[T]o maintain an Eighth

Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059–60 (9th Cir. 1992), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Plaintiff fails to describe how the alleged disclosure of his private information by defendant Matolon violated his Eighth Amendment right to adequate medical care. Accordingly, this claim is dismissed.

Turning to plaintiff's claim alleging violation of the California Confidentiality of Medical Information Act, plaintiff fails to plead compliance with the Government Claims Act. Accordingly, this claim is dismissed. If plaintiff files a second amended complaint raising this claim, plaintiff must present facts demonstrating compliance with the Government Claims Act.

**C. Claim Three**

In claim three, plaintiff alleges violation of the Fourth Amendment right to privacy and the Takings Clause of the Fifth Amendment. (ECF No. 11 at 5.) The Fourth Amendment claim raised in claim three appears duplicative of the Fourth Amendment claims raised in claims one and two. Accordingly, the Fourth Amendment claim raised in claim three is dismissed as duplicative. If plaintiff files a second amended complaint raising this Fourth Amendment claim, plaintiff shall address how this Fourth Amendment claim differs from the Fourth Amendment claims raised in claims one and two.

The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, prohibits the government from taking private property for public use without just compensation to the property owner. See U.S. Const. amend. V. The Supreme Court has articulated two categories of takings under the Fifth Amendment: (1) where the government physically acquires private property for public use, or (2) where the government engages in a "per se" taking by imposing regulations that restrict an owner's ability to use his or her own property.

See Cedar Point Nursery v. Hassid, 594 U.S. 139, 147-49 (2021). Plaintiff fails to demonstrate how defendant Matolon violated the Fifth Amendment Takings Clause under either of the two categories set forth above. Accordingly, this claim is dismissed.

**D. Claim Four**

In claim four, plaintiff alleges violation of the Fourteenth Amendment and Equal Protection Clause. (ECF No. 11 at 6.) The Fourteenth Amendment claim raised in claim four appears duplicative of the Fourteenth Amendment claims raised in claims one and two. Accordingly, the Fourteenth Amendment claim raised in claim four is dismissed as duplicative. If plaintiff files a second amended complaint raising this Fourteenth Amendment claim, plaintiff shall address how this Fourteenth Amendment claim differs from the Fourteenth Amendment claims raised in claims one and two.

An equal protection claim may be established by showing that a defendant intentionally discriminated against a plaintiff based upon his membership in a protected class, see Hartmann v. Calif. Dep't of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, see Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-602 (2008)). Plaintiff fails to demonstrate how defendant Matolon violated the Equal Protection Clause under either of the two theories set forth above. Accordingly, this claim is dismissed.

**E. Claim Five**

In claim five, plaintiff alleges violation of the Fourth Amendment prohibition against unreasonable searches and seizures. (ECF No. 11 at 7.) "The Fourth Amendment protects [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Cuevas v. City of Tulare, 107 F.4th 894, 898 (9th Cir. 2024) (citation and quotation marks omitted). While plaintiff claims that defendant Matolon violated the Fourth Amendment by leaving the laptop in his car (ECF No. 11 at 7), these allegations do not demonstrate a violation of the Fourth Amendment prohibition against unreasonable searches and seizures. Accordingly, this claim is dismissed.

///

**F. Claim Six**

In claim six, plaintiff alleges violation of his Eighth Amendment right to personal safety. (ECF No. 11 at 8.) A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Therefore, to succeed on such an Eighth Amendment claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. See id. Plaintiff fails to plead sufficient facts demonstrating that the alleged data breach put plaintiff's safety at risk so as to deprive plaintiff of the minimal civilized measures of life's necessities. While plaintiff claims that criminals now have access to plaintiff's private information (ECF No. 11 at 8), plaintiff fails to allege how disclosure of this information impacted plaintiff's personal safety. Accordingly, this claim is dismissed.

**G. Claim Seven**

In claim seven, plaintiff alleges violation of the Eighth Amendment right to adequate medical care. (ECF No. 11 at 9.) This claim appears duplicative of the Eighth Amendment claim raised in claim two. Accordingly, this claim is dismissed as duplicative. If plaintiff files a second amended complaint, plaintiff shall address how this Eighth Amendment claim differs from the Eighth Amendment claims raised in claim raised in claim two.

**H. Claim Eight**

In claim eight, plaintiff alleges violation of the Fifth Amendment Takings Clause. (ECF No. 11 at 10.) This claim appears duplicative of the Fifth Amendment Takings Clause claim raised in claim three. Accordingly, this claim is dismissed as duplicative. If plaintiff files a second amended complaint, plaintiff shall address how this Fifth Amendment Takings Clause claim differs from the Fifth Amendment Takings Clause Claim raised in claim three.

**I. Claim Nine**

In claim nine, plaintiff alleges violation of his Sixth Amendment right to access the courts. (ECF No. 11 at 11.) Plaintiff claims that defendant Matolon, as the accused, shall enjoy the right

to a speedy trial and the right to confront witnesses. (Id.)

The grounds of claim nine against defendant Matolon are unclear. Plaintiff does not describe how defendant Matalon allegedly violated the Sixth Amendment. For these reasons, claim nine is dismissed. If plaintiff raises this claim in a second amended complaint, plaintiff shall address how defendant Matolon violated the Sixth Amendment.[2]

## III. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendant Matolon with his claim alleging violation of his right to privacy based on disclosure of medical records raised in claim one, and pursue only that claim, or he may delay serving any claim and attempt to cure the pleading defects as to his other claims. If plaintiff elects to proceed forthwith against defendant Matolon with his potentially colorable claim alleging violation of his right to privacy based on disclosure of medical records raised in claim one, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the remaining claims raised in the amended complaint without prejudice. Under this option, plaintiff does not need to file a second amended complaint.

Or, plaintiff may delay serving defendant Matolon with the potentially colorable claim and attempt to cure the pleading defects as to the other claims discussed above. If plaintiff elects to file a second amended complaint, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an

---

[2] Prisoners have a First Amendment right to access the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996). Plaintiff's amended complaint contains no allegations supporting a claim against defendant Matolon for violation of the plaintiff's First Amendment right to access the courts.

act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

A second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. All claims in the amended complaint, but for the claim raised in claim one against defendant Matolon for violation of the right to privacy based on disclosure of medical records, are

dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to cure the pleading defects discussed above. Plaintiff is not obligated to file a second amended complaint.

2. The allegations in the amended complaint are sufficient to state potentially cognizable claim for violation of the right to privacy based on disclosure of medical records against defendant Matolon. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to this claim, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Jones3157.ame/2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE EARL JONES, III,<br>Plaintiff,<br>v.<br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br>Defendants. | No. 2: 25-cv-3157 CSK P<br><br><u>NOTICE OF ELECTION</u> |

Plaintiff elects to proceed as follows:

______ Plaintiff opts to proceed with his claim raised in claim one alleging violation of his right to privacy against defendant Matolon based on disclosure of medical records. Under this option, plaintiff consents to dismissal of the remaining claims in the amended complaint, without prejudice.

**OR**

_____ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

______________________________
Plaintiff